[Cite as *State v. Davis*, 2017-Ohio-4082.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-470 |
| | | (C.P.C. No. 15CR-1232) |
| Deonte Davis, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on  June 1, 2017

**On brief:**  *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.  **Argued:**  *Steven L. Taylor*.

**On brief:**  *Timothy Young,* Ohio Public Defender, and *Victoria Bader*, for appellant.  **Argued:**  *Victoria Bader*.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1}  Deonte Davis is appealing from the court proceedings which resulted in his being convicted of two counts of aggravated robbery with firearm specifications and one count of kidnapping with a firearm specification.  He assigns a single error for our consideration:

> The juvenile court erred when it transferred Deonte Davis' case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution.

{¶ 2}  Davis was born in October 1997 and therefore was still considered a juvenile under Ohio Law when he was involved in an armed robbery involving three victims.  He

was initially charged in the juvenile division of the Franklin County Court of Common Pleas but the charges were bound over to the General Division of that court in a proceeding which involved a mandatory bind over—a bind over compelled by statute.

{¶ 3}   In the General Division, Davis entered into a plea bargain under the terms of which most of the charges against him were dismissed in return for guilty pleas to two counts of aggravated robbery and one count of kidnapping.  The state of Ohio and defense counsel jointly recommended a sentence of 16 years of incarceration with credit for time spent in custody before sentencing.  The trial court judge accepted the guilty pleas and sentenced Davis in accord with the joint recommendation.

{¶ 4}   Davis was arrested at the scene of the robbery after a brief police chase. Davis had a black ski mask and a large sum of money on him.  In short, his guilt was not in serious debate.

{¶ 5}   Resolution of this case on appeal turns on the effect of a recent case now decided twice by the Supreme Court of Ohio titled *State v. Aalim*, ____ Ohio St.3d ____, 2016-Ohio-8278, *vacated on reconsideration*, ____ Ohio St.3d ____, 2017-Ohio-2956. The syllabus for the first *Aalim* case reads:

> 1. The mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution.
>
> 2. The discretionary transfer of juveniles 14 years old or older to the general division of common pleas court pursuant to the process set forth in R.C. 2152.10(B) and 2152.12(B) through (E) satisfies due process as guaranteed by Article I, Section 16 of the Ohio Constitution.

{¶ 6}   Following an application for reconsideration and a change in justices on the Supreme Court, that court issued a new opinion, which reached a different conclusion. The court found that Article IV, Section 4(B) of the Ohio Constitution granted the General Assembly exclusive authority to define the jurisdiction of the courts of common pleas. The General Assembly enacted what is now R.C. 2152.12.  The Supreme Court found in the second *State v. Aalim*, 2017-Ohio-2956 decision that the General Assembly had

removed from the juvenile courts the jurisdiction to adjudicate certain serious felonies such as those committed by Davis through enacting R.C. 2152.12.

{¶ 7}  The Supreme Court also revisited its earlier conclusion about mandatory bind over proceedings being a violation of the Ohio Constitution and ruled that mandatory bind over proceedings did not violate either the Ohio Constitution or the United States Constitution.

{¶ 8}  The second decision in the *Aalim* case compels us to overrule the sole assignment of error.  The Supreme Court has clearly ruled by a 5-2 majority that mandatory bind over proceedings do not violate due process of law under either the Ohio Constitution or the United States Constitution.  The assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————